Submitted on record and appellant's brief April 3, affirmed
April 24, 1968

## STATE OF OREGON, *Respondent, v.*
## DARREL KIPP, *Appellant.*

440 P. 2d 369

Lawrence A. Aschenbrenner, Public Defender, and John Marvin Kuhn, Deputy Public Defender, Salem, for appellant.

No appearance for respondent.

Before Perry, Chief Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Lusk, Justices.

PER CURIAM.

Defendant has appealed from a conviction of burglary.

The sole assignment of error is directed to the court's denial of defendant's motion to suppress as evidence a quantity of beer seized by the officers in what is alleged to have been an illegal search of an automobile.

The burglary, the automobile searched, and the evidence seized and sought to be suppressed are the same as those involved in *State v. Elk,* this day decided, 249 Or 614, 439 P2d 1011. The evidence relevant to the search is substantially the same in both cases. In *State v. Elk* we held the search legal. That case controls the decision here.

The trial court did not pass on the legality of the search, but denied the motion to suppress because the affidavit of the defendant in support of the motion "alleges no proprietary interest in the automobile searched or the articles seized."

Defendant's brief is devoted principally to an endeavor to show that the reason given for the court's decision is unsound. But, of course, the reason is immaterial if the decision was correct, and, since the search was legal, the question whether the defendant has "standing" to challenge it has become moot.

The judgment is affirmed.